Yes, thank you. May it please the court, Claire Kim, on behalf of the petitioner, I will be reserving two minutes of my time for rebuttal. The issue before this court is whether a state sentence under California Penal Code 654 constitutes a sentence as defined under the federal statute and under the case law of Ratuda v. Holder. Both the federal statute and case law before the Ninth Circuit states that there is no conviction without a punishment. California Penal Code 654 stands for the proposition that a defendant cannot be punished twice for the same act or offense. Well, it's not exactly that that's in front of us, is it? I mean, had the sentence on count three, I think it is the last one. Had the sentence on count three been, I sentence you to two years in jail, but I'm staying at pending your service of sentence on count one. You agree that that would fall under the federal statute, would it not? I'm sorry. Sure. It's not enough that the sentence is stayed. Your argument has to depend on the notion that there never was an incarceratory sentence stayed or not on count three, right? Correct. Yes. Okay. So my question is, and maybe this is the BIA missed this. Why isn't it enough that there was a formal judgment of guilt on count three? So one and sub two only appear to apply when if adjudication of guilt has been withheld. But I'm not I don't think adjudication of guilt was withheld in your case. It was he was found guilty on count three. The sentence was suspended. Don't don't don't. I wanted I to only apply when when when adjudication of guilt has been withheld. I don't believe that's that's not my you're a good company because the BIA apparently didn't believe it either. They only focused on I wanted I too. But in reading the statute, it seems to me it says a judgment judgment conviction means a formal judgment of guilt. Judgment of guilt entered by the court or and then and that's not your case. If a judgment of guilt has been withheld, I won and I too. You do agree that there was a formal judgment of guilt in your case, don't you? I do, Your Honor. He did plead guilty to count three. We can't decide a case on a basis different than the BIA. So I'm just but I find it strange that that there's a focus on the second two parts and not on the first part. Your Honor, perhaps the focus is there because of the case law of Ratuta v. Holder, where in discussing the federal statute, the case law set forth the argument that there has to be a loss of liberty or a loss of wealth for a conviction to be a conviction for immigration purposes. Perhaps that is why the BIA focused on that portion. Oh, is there a formal judgment of guilt just with the entry of a guilty plea or does there have to be a judgment and commitment at the end of that before it's a judgment? Your Honor, that's a good question. I don't know. I mean, the statute, the clause that says if adjudication of guilt has been withheld and it tells you what can substitute for that, one of the elements is a plea. But that kind of suggests that a plea alone is not enough to count as an adjudication of guilt. It wouldn't have been written this way. You need something more to have the judgment of guilt of the alien. Although it's an and. Let me ask you a question. Maybe you can help us on this. Did the trial judge in California screw up, to use a legal term? In other words, how is this normally handled? Is there normally on the on the state count a sentence entered and then the sentences stayed or suspended? Or is this the normal procedure that that there's just a sentence given on count on the non-state count and no sentence at all given on the state count? The latter, Your Honor. I don't believe that. I don't believe the trial judge screwed up. I believe that 654, the purpose of the 654 statute is a defendant can be. While one act can constitute numerous crimes, it they can't be punished more than once. So once. OK, so if that's the case, and I think you're probably right. Why wasn't he functionally sentenced on count three to exactly the same sentence he received on count one for two reasons, Your Honor, because number one. Count three was a misdemeanor. The judge reduced it to a misdemeanor and misdemeanors. You can only be sentenced up to 364 days, and this was a two year sentence on count one. But more importantly, under how the trial court works in the criminal courts, is that anything that 654 means there's just no punishment because the purpose of 654 would be you cannot double punish. You can't stack punishments for the same conduct. If the if the judge had put on there that that your client was fined, would that be OK? Would that be sufficient? If he was fined, then the argument would be towards the government that there was some imposition of loss of wealth. So it would be a sentence. Did I answer the question, Your Honor? Yes. Let me give you another idea. If the court, the state court, had said your client was sentenced to 30 days, but it's suspended, that would have been OK, too, right? Yes, Your Honor. I believe under immigration law, a suspended sentence would also constitute, would fit the definition of a sentence. There's a distinction between state and suspended. Suspended would still be a conviction for immigration purposes. But you're saying that California courts won't do that. That's not there. I believe they could have, Your Honor. I'm not certain, as I was not the attorney at the state level for this case, not when he was convicted back in 2017. So they could have, I suppose, but they didn't. Did you want to save the balance of your time for rebuttal? Yes, Your Honor. Thank you. Let's hear from the government. Good morning, Your Honors. State Police Court. Sarah Wilson here on behalf of the Attorney General. Petitioner's conviction under California's Section 244A satisfies the INA's definition of conviction. I think we've kind of covered it here, but under the INA, the conviction really requires two parts, notwithstanding the very good question about why they applied both parts here where we had a formal determination of guilt. Does the government concede that for the 2017 conviction, we're not relying upon the formal judgment of guilt of the alien entered by a court language and that it's in the other clause? So that wasn't the way that the board analyzed this case, so that isn't an argument that we've made in our briefing here. I think if the court has concerns or questions about that, that certainly could be part of the things that should be explored on remand, but it's not part of the issues that have been presented to the court at this point. We couldn't raise that ground when the board didn't rely on it. Not dispositively. No, not dispositively. I think you could ask the board if you had questions on remand if this was proper, but no, that wouldn't be the way that this court should decide the case here. It's not the way we've asked, but you've decided. All right. Well, then if we're in the other one, then the question is, was any sentence ever imposed on count three at all? Because what 654 seems to envision is that you'll actually impose the sentences on the various counts, and then you'll stay the ones for the lesser ones and let the main one go forward. And that's how it operates. And that doesn't seem what happened with count three at all. I don't know that that's necessarily how it has to happen or how it usually happens under 654. I think that it's worded in a way that suggests that the court could do it as it did here and simply decide which is the most serious crime or the most serious conviction for purposes of the plea and then work from that way. So at that point, the court would have to determine what is I'm sorry. Go ahead. Any sentence ever imposed on count three? Because I'm looking, I mean, the records are somewhat confusing from the Orange County Superior Court, but I'm looking at AR 491 and the notes at the middle of the page say sentencing. Sentencing, I-N-G. Sentencing on count three is stayed pending successful completion of sentence on count one, then permanently stayed. If sentencing is stayed, then no sentence was ever imposed at all on count three. And then I have trouble seeing how you'd meet the requirements of the statute. I think we have two places in the record where the state court used the word a sentence was imposed, including the document that was attached to the motion for judicial notice filed by Ms. Kim. If you look at that document. For the agency, is that document something in the agency record? It's not. I just was pointing to the court. We can't look at that. The statute says we can only consider the agency record. It's very clear on that. I believe the court uses the word imposed another place. Let me see if I can, I can find it for the court. Well, whether it used an imposed or not, what was the sentence imposed in your view? How can we determine what the sentence imposed on count three was? I don't want I'm not letting you out of Judge Collins's question because the later part of the record says it's permanently stayed. So it's hard to believe that. That the sentencing was actually occurred, but assuming there was a sentencing, what sentence was imposed? I don't think that there was a specific sentence imposed unless you view it as the government has, that this was a collective plea to these three counts and that the court sentenced on these three counts. And the only way that it could do so consistent with California law. What if the what if the state judge sometimes I was a state judge once. And so once we sometimes we make mistakes. What if the state judge on count three had said, I'm sentencing you to public service? Would would would we then have a qualifying conviction? I don't think in that. Well, here, I don't think that would have triggered 656. Right. I think that's exactly correct. So if the judge imposes a sentence that may be improper under state law, aren't you bound by the sentence he imposes? I don't think so. I think that the state law suggests that he could do just as he did here, which he could look at the three counts that were that were part of the plea, accept that plea on all three counts, as is clear from the minutes, and then impose the sentence according to 656, which is look at where is he going to spend the most time? Where's the punishment going to be the most severe? And then apply the sentence there. And I think at that point, we then satisfy the definition of conviction because we know that there was a loss of liberty associated with the convicted conduct associated with what he did. That was the conduct that underlied his plea to 422-A. And this court has recognized that in at least one unpublished decision. We've cited the Duenas case. I think that's on page 13 of the government's brief where precisely this happens. The court didn't doesn't need to go back in and look and try and figure out what was the sentence going to be under this under this particular count, where it knows that globally it's sentenced with respect to this one course of conduct in the manner consistent with criminal law. I have a question about this, where it says the sentence on count three is stayed pending successful completion of sentence on count one. I don't know exactly how a person does successfully complete it, but let's assume that Ruiz unsuccessfully completed or failed to complete count one. What would be the punishment if he went back in front of the court? What was stayed? Anything stayed there? I think that that's why they use the language stayed rather than suspended, because at the point, let's say he won his appeal as to count one, you know, if that was on the table, I think then the court would have the opportunity to still impose that sentence based on the other two convictions. There may be arguments about whether adjustments would have to be made, but I think overall the conviction could still stay or the sentence could still stand with respect to the other counts that he's pled guilty to. The record doesn't specifically answer that question, however, and we do have somewhat of a different situation here. And I think that this situation is in addition to being different than that question, it's also different from really the only case that offers any help to the court or any help to the petitioner here. In the Richuda case, we really are dealing with a very different situation where it was very clear that all other sources of punishment were not entered, but it was a deferred judgment, where here the underlying conviction, the underlying course of conduct did result in a severe, you know, a term of imprisonment of two years, fines, restitution, probation, all of which would be bound up in what would be considered the punishment or the loss of liberty that he faced with respect to count three. And if the court looks at the minutes, it's also clear that there was fines imposed, that there was a probationary term. There was all of that that are more worded in a manner that appear to be global as opposed to directly tied to count one or count two or even count three. Other than the unpublished Duane S. Alvarez case, and maybe this is only a California artifact, do you have any case anywhere in the country that addresses a similar situation? We haven't cited any, and we're not aware of another state that does it quite this way. As you may be aware, other states, it's much more common for it to be that you have, as you've said, you have a specific sentence lined out for each one of the counts, and then, for example, they're ordered to be served concurrently. The fact that California has a unique way of handling this, 654A, shouldn't change the practical reality here, that he was punished on all three of these counts. He has a conviction, there was punishment, and that should satisfy the INA's 1101A48 definition for conviction. Unless the court has other questions, I'll yield back the remainder of my time. I don't see any other questions pending, so Ms. Kim, you're back up. And you're muted again. Thank you, your honor. Sorry about that. I'd just like to point out to the court that the pledio, at the time the sentence was entered, was that count three would be 654. 654 means, under the California statute, that you can never, ever, ever be punished for that offense. Judge Collins asked the question that I tried to ask in a more polite way. I didn't say, I used the word screwed up, but it does seem to me, reading the California statute, that it envisions that a sentence will be imposed on all counts and then stayed. It doesn't seem to suggest that we'll never sentence you on three counts. And so if I were just looking at California law, I would think the judge should have imposed a sentence on count three, but just stayed its execution pending the service on the sentence on count one. But you say that's not the practice. I believe not, your honor. I believe that the 654 statute, the intent behind it was that a defendant cannot be punished more than once for the same act or conduct. So he did something, and it qualified for different offenses under the different laws. But under 654, the sentencing court takes the longest and worst, and only sentences on one. And just to explain, the court asked earlier if the record states that the conviction is stayed pending successful completion of the sentence. And what would happen if he screwed up? And the answer would be whatever count that he was sentenced on, which in this case is count one, would create additional punishment. It would not create punishment on count three. And the record shows that he was only convicted and sentenced under count one. The fines were under count one. The custodial time was under count one. And I can refer the court to both the record page 469 and 487 and 488. 469 shows that at the time of the plea, the agreement was that the counts two and three would be 654. And then at the end, he had no punishment under count three because it was stayed. Stayed under 654. I just have one other question that's probably not relevant, but Mr. Moraza was in the country on a visa, correct? He had a green card, your honor. Okay, that's what I wasn't clear. The BIA suggested he had a family based visa. Was he also a legal permanent resident? Yes, he was a legal permanent resident since 1993. Thank you. Yes, thank you, your honor. Unless my colleagues have other questions, with thanks to both counsel for their arguments and briefing, this case will be submitted. Thank you, your honor. Thank you.
judges: Siler, Hurwitz, Collins